IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SADAR DOE, *et al.*, | ) | |
| | ) | |
| Petitioners | ) | |
| | ) | Civil Action No. 05-CV-1704 (JR) |
| v. | ) | |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**REPLY TO RESPONDENTS' OBJECTION TO
PETITIONERS' RELATED CASE DESIGNATION**

The above-captioned habeas case, <u>Sadar Doe, et. al. v. Bush, et al.</u>, was filed on behalf of two Chinese Uighur detainees – brothers – incarcerated at Guantanamo Bay Naval Station ("Guantanamo Bay").[1] As part of the habeas filing, Petitioners designated as related a case pending in this Court, <u>Qassim, *et al*. v. Bush, *et. al.*,</u> No. 05-CV-047 (JR). <u>Qassim</u>, like the instant case, was filed on behalf of Uighur detainees incarcerated at Guantanamo Bay.

Respondents have objected to Petitioners' Notice of Related Case, arguing that the designation is "misleading" because "no principled reason exists for elevating <u>Qassim</u> to the most prominent position" as lead case for the Uighur detainees. *See* p. 1, Respondents' Objection to Petitioners' Related Case Designation dated August 31, 2005 ("Respondents' Objection"). Respondents' "object to any implication that the instant case is somehow more related to <u>Qassim</u> than to other pending Guantanamo Bay detainee cases." *Id.* at 2.

---

[1] All that counsel knows about the Petitioners was supplied by the next friend, also a detainee at Guantanamo Bay. Although Respondents have acknowledged that Uighur prisoners are being held at Guantanamo Bay, they have refused to disclose Petitioners names, identifying information, and family contact information.

Respondents position reveals that they have not bothered to read the Sadar petition – or the Qassim petition for that matter. Each case is distinguishable from the other Guantanamo detainee cases; both involve common issues of fact, and arise out of the same events and transactions, making them related cases under the Local Rules.[2]

### *The Sadar and Qassim cases involve common issues of fact unique among the Guantanamo Bay habeas petitions, and grow out of the same set of events.*

The Uighur situation is unique. The Uighur petitions involve difficult questions regarding the Government's ability to detain cleared individuals (the so-called "wind-up power") as well as diplomatic and immigration issues related to the appropriate interim and long-term solutions.

This Court has already held two status conferences, on August 1, 2005 and August 25, 2005, concerning the plight of the Uighur detainees at Guantanamo Bay. The record evidence shows that only a handful of the more than 500 detainees at Guantanamo Bay are Uighurs. Like the Qassim petitioners, Petitioner Sadar and his brother, Arkeen, on information and belief, fled China with approximately 18 other Uighurs, including the Qassim petitioners. Sadar Petition, ¶ 44. Like the Qassim petitioners, Sadar and Arkeen were found in Pakistan, betrayed by bounty hunters, turned over to the U.S. Government, and incarcerated at Guantanamo Bay, even though they never took up arms against the United States, and never supported forces hostile to or engaged in armed conflict.

The Government has admitted in open court that many – *if not most* – of these Uighur detainees have been determined to be "No Longer Enemy Combatants," (even though they never have been enemy combatants) or "NLECs." United States Ambassador at Large for War Crimes, Pierre-Richard Prosper, stated in a recent interview that the US Government has been actively trying

---

[2] Local Rule 40.5(a)(3) governing Related Cases filed with the DC District Court provides that "cases are deemed related when the earliest is still pending on the merits in the District Court and they…ii) involve common issues of fact, or iii) grow out of the same event or transaction. . . ."

2

to find a country that will take the Qassim petitioners, as well as *more than a dozen other Uighurs* being held at Guantanamo, with no luck. Source: National Public Radio, Morning Edition, August 25, 2005 "Analysis: Chinese detainees at Guantanamo get hearing," (Transcript available)(emphasis added).[3] *See also*, The Washington Post, August 24, 2005 (US Government has been attempting since 2003 to find a country that will take the Uighurs.)

The possibility – indeed the likelihood – that these Petitioners also have been designated as NLECs, and the common issues that arise for NLECs who are Uighur refugees from China, alone constitute sufficient grounds for retaining jurisdiction in this Court. At a minimum, if there were facts to be heard, they would involve the same witnesses. The Uighur language is unusual, and there are such difficulties in translation that efficiency dictates that a single judge handle these cases. Moreover, the same issues of resettlement that Judge Robertson has already heard – including off-the-record evidence heard in chambers – are likely to apply to the Petitioners in this case.

> ***Qassim is the oldest pending case involving Uighur detainees and the rules require that the Sadar case be accorded related case status.***

Qassim was filed March 10, 2005. Two other Uighur cases, Kiemba v. Bush, 05-CV-01509 (RMU) and Mamet v. Bush 05-CV-01602 (ESH) were filed by the same law firm, on July 29, 2005 and August 11, 2005, respectively. As the Local Rule provides, "the Clerk shall assign the new case to the judge to whom the oldest related case is assigned." Local Rule 40.5(c)(1). Qassim is the oldest pending case, and the Sadar petition, appropriately, was assigned to this Court. Indeed, given the

---

[3] *See, also, e.g.*, Demetri Sevastopulo, "Cheney backs Guantanamo Bay jail amid growing unease," FINANCIAL TIMES (June 13, 2005) ("The US is holding about 550 detainees at Guantanamo, including about a dozen Uighur Chinese whom the US has determined are no longer 'enemy combatants'."); Carol Rosenberg, "Guantanamo Bay: Closing prison would be tricky easy," MIAMI HERALD (June 12, 2005) ("Navy Secretary Gordon England confirmed in March that Guantanamo captives include Chinese Muslims—reportedly about two dozen—who are no longer classified as 'enemy combatants,' the Bush administration term for terrorism suspects."); Editorial, WASH. POST (May 3, 2005) ("[T]he military has determined that about 15 of [the Uighurs at Guantanamo Bay] are not 'enemy combatants.' . . . The Pentagon has, consequently, cleared them for release. The trouble is that the State Department has been unable to find other countries willing to take them.").

3

unique circumstances of the Uighur detainee cases, it would be reasonable to consolidate all four cases, as well as any others that may be filed involving the Uighur detainees.

Respondents, ironically, also seek to have the Guantanamo cases coordinated. Coordination, in their opinion, is achieved "by deliberate action of the Court and not through arbitrary or incomplete application of the court's process with respect to identification of related cases." Respondents' Opposition, p. 2. Under this standard, the Sadar case is properly assigned to Judge Robertson – the Qassim judge, so that the issues raised can be presented and resolved in a coordinated fashion. There was nothing arbitrary in assigning this case as designated by the Notice of Related Case, nor, especially, was there any "unprincipled" attempt to "mislead" the Clerk or the Court, as Respondents so uncharitably assert. Respondents' Opposition, p. 1, 2.

Accordingly, there is no basis for reassignment, and this Court is respectfully urged to maintain jurisdiction over these properly related cases.

Dated: September 12, 2005                    COUNSEL FOR PETITIONERS:

Of Counsel:

    Barbara Olshansky  
    Deputy Director                                   Elizabeth P. Gilson  
    CENTER FOR CONSTITUTIONAL         CT 002480  
    RIGHTS                                                  383 Orange Street  
    666 Broadway, 7th Floor                      New Haven, CT 06511  
    New York, NY 10012                            Telephone:   (203) 777-4050  
    Telephone:   (212) 614-6439              Facsimile:     (203) 787-3259

## **CERTIFICATION OF SERVICE**

This is to certify that on this 12th day of September, 2005, a copy of the foregoing was served on the following, by prepaid priority mail to:

PETER D. KEISLER
Assistant Attorney General
KENNETH l. Wainstein,
United States Attorney
DOUGLAS N. LETTER
Terrorism Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Rm. 7144
Washington, DC 20530

                                                                  _____
                                                                  Elizabeth P. Gilson