# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464 f 212 614 6499 www.ccr-ny.org

July 1, 2004

Hon. Donald H. Rumsfeld
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Dear Secretary Rumsfeld:

As you know, the Center for Constitutional Rights represents two of the petitioners in the decision of the United States Supreme Court entitled Rasul v. Bush. In addition, we represent 51 other detainees being held by the United States at Guantánamo Bay.

I write to insist that we be permitted unfettered access to our clients as expeditiously as possible. There is no question of the right of each of them to file petitions for habeas corpus and to have access to counsel in order to do so.

In addition, it is incumbent on the United States government to provide a means of informing each of the persons held by it at Guantánamo of the fact of the decision and of their rights pursuant to the ruling of the Court. They must also have means to contact their families or others for the purpose of securing counsel. We are prepared to organize a delegation of attorneys for that purpose.

I look forward to your prompt response.

Very truly yours,

Jeffrey E. Fogel
Legal Director



# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464  f 212 614 6499  www.ccr-ny.org

July 14, 2004

Hon. Gordon R. England          BY FAX: 703-693-7330
Secretary of the Navy           and regular mail
1000 Navy Pentagon
Washington, D.C. 20350-1000

                         Re:  Guantanamo detainees

Dear Secretary England:

     The Center for Constitutional Rights has reviewed the
proposed notice which will be provided to each of the detainees
held by the United States at Guantanamo Bay.

     As the notice itself says, there is a need for additional
information on the issue of habeas corpus applications.
No explanation is given to these foreign nationals of what a
habeas corpus petition is, or what their rights are in light of
the Supreme Court decision in Rasul v. Bush.  Moreover, no
information is provided about how the detainees may secure
counsel (who are available) in order to file and prosecute such
an action.  There is an obvious conflict of interest where the
armed forces provides legal advice to the persons who are its
adversaries, and there are ethical problems with having non-
lawyers (the "Personal Representatives") provide legal advice.

     As a public interest law firm, CCR has offered to organize a
delegation of lawyers who would be willing to provide the kind of
information necessary for each of the detainees to understand
their rights, to make a meaningful choice of their legal options
and to assist in securing legal representation.  Meanwhile, I
enclose herewith a form of notice which would, at least, begin
the process necessary to comply with the Constitution of the
United States, international law as well as the decision of the
Supreme Court.

                         Very truly yours,

                         Jeffrey E. Fogel
                         Legal Director



## NOTICE OF RIGHT TO CHALLENGE DETENTION IN FEDERAL COURT

You now have the right to be represented by counsel in federal court on a writ of habeas corpus. This is a legal process where we are able to question whether you are being held illegally and, if you are being held illegally, ask that a court order your release. The *Center for Constitutional Rights* (CCR) is a charity that has been fighting for this right on behalf of the prisoners in Guantanamo Bay. CCR is strongly opposed to the denial of rights that has prevailed in Guantanamo Bay for the past two and a half years, and is willing to secure you a lawyer at no cost to yourself for such a process. If you wish, CCR will also contact your family and advise them that steps are being taken on your behalf.

If you would like to be represented by CCR, please fill in your name, nationality, and date of birth below, along with the languages you speak (so we can try to secure assistance for you in your own language):

Name: _____

Nationality: _____

Date of Birth: _____

Languages spoken: _____

If you wish us to contact your family, please provide a name, address, telephone number, e-mail or some other contact details so that we can do this (if you do not wish to do this, we understand that you may be concerned that the U.S. Government might use this against you):

Name of Relative: _____

Contact details: _____



**DEPARTMENT OF THE NAVY**
GENERAL COUNSEL OF THE NAVY
1000 NAVY PENTAGON
WASHINGTON, D.C. 20350-1000

JUL 20 2004

Mr. Jeffrey E. Fogel
Legal Director
Center for Constitutional Rights
666 Broadway
New York, NY  10012

Dear Mr. Fogel:

    Thank you for your letter of July 14, 2004, regarding the notice to be provided to detainees held at Guantanamo Bay, Cuba.  The Secretary of the Navy has asked me to review your letter and respond to you directly.

    The Department of Defense and the Department of the Navy are in the process of exploring, in concert with the Department of Justice, the manner in which additional information will be provided to the detainees regarding habeas corpus applications.  We will add your input to those we have already received.  We are working hard to satisfy the mandate of the recent Supreme Court decisions within the constraints of the unique security situation that exists at Guantanamo.

    Thank you for your interest in this matter.

                    Sincerely yours,

                    Alberto J. Mora

# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464 f 212 614 6499 www.ccr-ny.org

September 16, 2004

John J. Sullivan, Esq.
Deputy General Counsel
Department of Defense
Room 3C975
1600 Defense Pentagon
Washington DC  20301

Dear Mr. Sullivan:

I am writing to seek authorization to visit unrepresented detainees being held at Camp Delta in the Guantánamo Bay Naval Station and advise them on their right to file habeas corpus petitions in federal court challenging the legality of their detention, and assist them in obtaining other counsel in order to do so.

As I stated in our phone conversation earlier today, I am seeking to meet with unrepresented detainees, that is, those who have not retained counsel themselves and who do not have next friends who have already filed habeas petitions on their behalves. There are some individual detainees who I believe fall within this class whose names I can provide to you if it will expedite this process.

I spoke earlier today with David Salmons, Esq. of the Solicitor General's Office, who has authorized the Department of Justice Court Security Office to process the security clearance applications of various habeas counsel for Guantánamo detainees. Mr. Salmons informed me that because no cases had yet been filed in federal court on behalf of the detainees I seek to visit, the Department of Justice could not process my security clearance application. He recommended that I speak to you.

When we spoke earlier today you did not indicate whether you expected me to include a copy of a security clearance application with this letter. I have taken the liberty of including a completed SF86 form, with certain additional waivers requested by the Department of Justice as part of its Guantánamo clearance process. The Department of Justice Court Security Office provides fingerprint cards to attorneys seeking clearance to visit clients in Guantánamo; if your office could arrange for delivery of appropriate fingerprint cards I will have a set of my prints made at our local police precinct immediately.

Please feel free to contact me with any questions you may have about this matter at (212) 614-6438. Thank you for your assistance, which I am sure will be appreciated by the detainees.

Yours sincerely,

Shayana Kadidal, Esq.



DEC-08-2004  15:22       ODGCLC                                                          P.02




# DEPARTMENT OF DEFENSE
## OFFICE OF GENERAL COUNSEL
### 1600 DEFENSE PENTAGON
### WASHINGTON, DC 20301-1600

NOV 0 2 2004

Shayana Kadidal
Center for Constitutional Rights
66 Broadway
New York, New York 10012

Dear Mr. Kadidal:

    I am writing in response to your letter of September 16, 2004, requesting access to detainees at Guantanamo Bay.

    Under procedures set up by the Department of Defense, the only counsel currently provided access to the detainees are counsel who are employed or retained by or on behalf of a detainee for purposes of representing the detainee in habeas corpus or other litigation in federal court in the United States and who are admitted, either generally or pro hac vice, in the jurisdiction where the habeas petition or other litigation is pending. As you do not meet those criteria, your request for access to the detainees cannot be granted.

    If you have any questions about this policy, please contact Andrew Warden at the Department of Justice at (202) 616-5084

                                    John J. Sullivan
                                    Deputy General Counsel
                                    (Legal Counsel)

# center for constitutional rights

Page 12 of 23

666 broadway new york, ny 10012
212.614.6464 www.ccr-ny.org

December 17, 2004

Hon. Gordon R. England
Secretary of the Navy
1000 Navy Pentagon
Washington, DC  20350-1000

**VIA FACSIMILE:  (703) 693-7330**

Dear Secretary England,

As you know, the United States presently acknowledges detaining approximately

550 individuals at the Guantánamo Bay Naval Base, Cuba.  Approximately 63 of those

individuals have filed habeas corpus petitions with the D.C. district court.  We intend to

take any legal action necessary, including filing habeas petitions on behalf of the

remaining detainees, in order to ensure that every detainee at Guantánamo has the

opportunity to avail themselves of the decision in *Rasul*.

Accordingly, we are writing to request that you provide us with the names and

other identifying information about each person held at Guantánamo whose identity has

not yet been made known and who has not yet filed a petition for a writ of habeas corpus

("unidentified detainee" or "detainee").  This request encompasses every detainee being

held at Guantánamo by any agency of the U.S. Government or any employee or agent,

public or private, thereof, regardless of whether the individual is listed on the

International Committee of the Red Cross internee rolls.  This information must be

provided so that each detainee can be contacted and offered legal assistance.

We specifically request the following information for all such detainees:

(a) names, including all alternate spellings, aliases, or other appellations used by the U.S.



Government; (b) ethnicity and national origin; (c) country or countries of citizenship;
(d) country of residence prior to interdiction; (e) next of kin and their contact
information; (f) the names and countries for the detainees' consular contacts. The
information that will enable us to reach a detainee's next of kin is required so that we will
be able to contact those individuals in the event that any detainee is unable to make a
decision by himself regarding whether or not to file a petition for a writ of habeas corpus.

The right to counsel has been recognized by the Supreme Court and is crucial to
carrying out the Supreme Court's mandate that each detainee be permitted to challenge
his detention. *See Hamdi v. Ru*msfeld, 124 S. Ct. 2633, 2652 (plurality opinion of
O'Connor, J.) ("He [Hamdi] unquestionably has the right to access to counsel in
connection with the proceedings on remand."); *id.* at 2660 (concurring opinion of Souter,
J.); *Rasul v. Bush*, 524 U.S. __, 124 S. Ct. 2826, 2698 n.15 (2004) (plaintiffs' allegations
of detention "without access to counsel and without being charged with any
wrongdoing—unquestionably describe 'custody in violation of the Constitution or laws
or treaties of the United States.'"); *see also Al Odah v. United States*, No. 02-828 (D.D.C.
Oct. 20, 2004), slip op. at 8 (the "Supreme Court has found that Petitioners have the right
to bring their claims before this Court, and this Court finds that Petitioners cannot be
expected to exercise this right without the assistance of counsel.").

After the Supreme Court released its opinions in *Rasul* and *Hamdi*, Government
officials publicly acknowledged the necessity of taking action to enable detainees to
consult with counsel. For example, during a Department of Defense briefing on July 7,
2004, a senior Justice Department Official was asked whether currently unrepresented
Guantanamo detainees would have access to counsel. The official replied that lawyers

would have access to the detainees but that the "precise details of that would have to be worked out in the future." Defense Department Background Briefing on the Combatant Status Review Tribunals, July 7, 2004, available at http://www.defenselink.mil/transcripts/2004/tr20040707-0981.html.   Similarly, in a news briefing two days later, you promised that the Government would "facilitate" access to the unidentified detainees as "quickly as we can." Defense Department News Briefing on the Combatant Status Review Tribunals, July 9, 2004, available at http://www.defenselink.mil/transcripts/2004/tr20040709-0986.html.

Unfortunately, these promises have not been honored. We recognize that the Department of Defense has recently made available the text of a Notification, a copy of which we have attached to this letter as Exhibit A, that it intends to distribute to all detainees after they have completed the Combatant Status Review Tribunal ("CSRT") process and received certifications. Although the Notification mentions the right to file a habeas petition, it is insufficient for a number of reasons. First, the Notification does not explain the mechanics of filing a habeas lawsuit. There is no explanation of what a "petition" is or should allege. Second, detainees, who are not familiar with U.S. law, certainly will not understand what a habeas lawsuit is (notwithstanding the description that appears in the Notification). Third, the detainees have no reason to trust the person delivering the Notification -- a representative of the U.S. Government -- and as a result might doubt that the Notification means what it says. This is particularly true given that these same individuals will have just been denied relief through the CSRT process. Fourth, the Notification's instruction that the detainees speak with their "assigned Assisting Military Officer" if they have any questions is particularly problematic and

objectionable, because the officer would lack a privileged relationship with the detainee

and would be free to communicate any information that he or she learns from the

detainee to his or her superiors. Fifth, the Notification does not provide any instruction

on how the detainee could retain a lawyer, should he desire legal advice or assistance

with this matter before the petition is filed. Sixth, the Notification makes no provision

for assistance for those detainees who are illiterate or otherwise lack the capacity to

advocate on their own behalf. Seventh, the Notification provides no assurance that these

"petitions" or letters to family members will be mailed in a timely manner. Our

understanding is that getting mail in and out of Guantánamo is a very difficult and time-

consuming process. Moreover, even if the mail reaches the district court, there does not

appear to be any process in existence to expedite the assignment of counsel for detainees

seeking counsel to represent them. Finally, it appears that this Notification is being

distributed to detainees only *after* their certification as "enemy combatants" through the

CSRT process.

 Nearly six months have elapsed since the Supreme Court issued its decisions in

*Rasul* and *Hamdi*, yet the unidentified detainees at Guantánamo have been unable to

pursue the right that the Supreme Court recognized in these cases -- the right to file a

habeas petition with the assistance of counsel. There has been ample time for you to take

action to effectuate the Supreme Court's holding in *Rasul*, as you and other U.S. officials

promised in the first week of July 2004. Accordingly, if we do not receive by January 5,

2005 the detainees' names and the other identifying information that we have requested,

we will take appropriate legal action on behalf of the detainees through the judicial

process.

Sincerely,

Barbara Olshansky,
Deputy Legal Director
Center for Constitutional Rights

cc:
Terry Henry, United States Department of Justice
FAX: (202) 616-8470



U.S. Department of Justice

Office of the Associate Attorney General

_Washington, D.C. 20530_

January 14, 2005

<u>VIA FACSIMILE AND ELECTRONIC MAIL</u>

Ms. Barbara Olshansky
Deputy Legal Director
Center for Constitutional Right
666 Broadway
New York, NY 10012

Dear Ms. Olshansky:

The Secretary of the Navy, Gordon England, has asked me to reply to your letter of December 17, 2004, to him raising concerns regarding the ability of enemy combatants detained at Guantanamo Naval Base to access habeas corpus opportunities in U.S. federal courts.

It has been longstanding Department of Defense ("DOD") policy, reinforced by requests from a number of home countries, not to release detainee names into the public domain. We believe each of your concerns is effectively being addressed by the habeas filing opportunities currently afforded detainees, or is of relatively marginal bearing on the issue of detainee access to the habeas process. Therefore, DOD declines to provide the Center for Constitutional Rights with the detainees' names or other identifying information as requested in your letter.

Nevertheless, it may be of interest to you that DOD is currently preparing a supplemental information sheet that would be provided to those detainees who inquire about the availability of a lawyer for purposes of filing a habeas petition. DOD's intentions are to include in the information sheet the names and addresses of U.S. lawyers who may be available to provide representation to interested detainees, or who may be able to refer the request for representation to other attorneys. (The disclosure of names and addresses will obviously be subject to the prior approval of the lawyers in question.) The information sheet will include instructions for detainees interested in legal representation concerning, for example, what information to include in a letter to counsel. DOD has requested that we discuss the formulation of this information sheet with the lawyers who are currently involved in representing Guantanamo detainees in habeas matters, among others.

- 2 -

If you and other lawyers involved in Guantanamo litigation are interested in pursuing such a discussion, please contact me at your earliest convenience.

Sincerely,

BRIAN D. BOYLE
Principal Deputy Associate Attorney General


cc:     (Via Electronic Mail)
        Lead Counsel of Record/Guantanamo Litigation

## <u>Combatant Status Review Tribunal Notice to Detainees\*</u>

You are being held as an enemy combatant by the United States Armed Forces. An enemy combatant is an individual who was part of or supporting Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. The definition includes any person who has committed a belligerent act or has directly supported such hostilities.

The U.S. Government will give you an opportunity to contest your status as an enemy combatant. Your case will go before a Combatant Status Review Tribunal, composed of military officers. This is not a criminal trial and the Tribunal will not punish you, but will determine whether you are properly held. The Tribunal will provide you with the following process:

1.  You will be assigned a military officer to assist you with the presentation of your case to the Tribunal. This officer will be known as your Personal Representative. Your Personal Representative will review information that may be relevant to a determination of your status. Your Personal Representative will be able to discuss that information with you, except for classified information.

2.  Before the Tribunal proceeding, you will be given a written statement of the unclassified factual basis for your classification as an enemy combatant.

3.  You will be allowed to attend all Tribunal proceedings, except for proceedings involving deliberation and voting by the members, and testimony or other matters that would compromise U.S. national security if you attended. You will not be forced to attend, but if you choose not to attend, the Tribunal will be held in your absence. Your Personal Representative will attend in either case.

4.  You will be provided with an interpreter during the Tribunal hearing if necessary.

5.  You will be able to present evidence to the Tribunal, including the testimony of witnesses. If those witnesses you propose are not reasonably available, their written testimony may be sought. You may also present written statements and other documents. You may testify before the Tribunal but will not be compelled to testify or answer questions.

As a matter separate from these Tribunals, United States courts have jurisdiction to consider petitions brought by enemy combatants held at this facility that challenge the legality of their detention. You will be notified in the near future what procedures are available should you seek to challenge your detention in U.S. courts. Whether or not you decide to do so, the Combatant Status Review Tribunal will still review your status as an enemy combatant.

If you have any questions about this notice, your Personal Representative will be able to answer them.

**[\*Text of Notice translated, and delivered to detainees 12-14 July 2004]**

**Enclosure (4)**

# NOTIFICATIONS

1. A Combatant Status Review Tribunal (CSRT) has determined that you are an enemy combatant. Because you are an enemy combatant, the United States may continue to detain you.

2. An Administrative Review Board (ARB) will now be held to determine whether you still pose a threat to the United States or its allies. The ARB will consider all relevant and reasonably available information. If the ARB decides you no longer pose a threat, you may be released from detention.

3. You may attend the ARB proceeding and present information about yourself to ARB members. If you believe you do not pose a threat to the United States or its allies, we recommend you immediately gather any information that you believe will prove that you are no longer a threat and why you should be released from detention.

4. The ARB will consider written statements from family members or other persons who can explain why you are no longer a threat. You may also present a written or oral statement at the ARB. Unlike the CSRT, witnesses are not allowed to testify during the ARB. An American officer (called an Assisting Military Officer) will help you prepare your case if you want him to. You do not have to attend the ARB, and you do not have to say anything if you do attend. The ARB will be conducted whether or not you choose to attend.

5. In addition, you have been notified that you may challenge your detention in a United States court. The following procedures are available if you want to challenge your detention in a U.S. court.

6. You may ask a civilian judge to look at the lawfulness of your detention through a process called a *petition for a writ of habeas corpus*. You may ask a friend or family member or a lawyer to file such a petition with the court. If you do not have a lawyer or a family member or friend who could file this petition for you, you may file your own petition. According to prior court rulings, petitions may be sent to:

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

If you do not wish to file a petition, you do not have to do so. However, a court will only consider your case if you file a petition.

7. Please talk to your Assisting Military Officer if you have any questions about this notification. Your assigned Assisting Military Officer will meet with you later.

Detainee ISN: _____    Date: _____

Signature of Officer Serving Notice: _____

Printed Name of Officer Serving Notice: _____