IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SADAR DOE, *et al.,* ) | |
| ) | |
| Petitioners ) | |
| ) | Civil Action No. 05-CV-1704 (JR) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**REPLY TO RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION FOR ORDER REQUIRING ACCESS TO CLIENTS
AND MOTION FOR ACCESS TO ALL CSRT and ARB FINDINGS
and
NOTICE OF FILING MEMORANDUM OF UNDERSTANDING REGARDING ACCESS
TO CLASSIFIED NATIONAL SECURITY INFORMATION AND ACKNOWLEDGEMENT
THAT COUNSEL IS BOUND BY THE TERMS OF THE PROTECTIVE ORDER**

On August 31, 2005, this Court ordered Respondents to make a return certifying the true cause of Petitioners' detention.[1] Respondents partially complied, by producing unclassified and classified portions of the Combatant Status Review Tribunal ("CSRT") findings. The classified portions were produced *in camera* and under seal. Petitioners' counsel has not had access to the classified portions, and has moved that those records be provided. In addition, counsel is seeking the production of all records relating to the Administrative Review Board ("ARB") process involving

---

[1] According to the returns that the Government has filed in this action, Petitioner Sadar Doe is identified as Bahtiyar Mahnut and Petitioner Arkeen Doe is identified as Arkina Amahmud. See Respondents' Response to Order to Show Cause and Notice of In Camera Submission Under Seal dated September 21, 2005, Dkt. No. 9.

these Petitioners, as these records are necessary to determining the true cause of Petitioners' detention.

Respondents rely on boilerplate arguments and recycled justifications in their Opposition to Petitioners' Motion for Order Requiring Access to Clients and Motion for Access to all CSRT and ARB Findings ("Respondents' Opposition" dated 10/13/05).  They dismiss Petitioners' arguments by relegating them to their footnotes, misstate Petitioners' claims, and create arguments that do not fit the facts.  However unavailing the Government's posturing might be, the basic facts remain: the unclassified portions of the returns alone demonstrate that at least one of the Petitioners – and likely both – were recommended as eligible for release despite their classification as enemy combatants.  Counsel (and the Court) cannot learn the true circumstances of Petitioners' continued detention without the information that the Government is withholding.

  **A.**  ***Counsel agrees to be bound by the Protective Order Entered by this Court.***

On October 11, 2005, this Court granted Petitioners' Motion for Protective Order. Attached hereto are signed copies of the Memorandum of Understanding Regarding Access to Classified National Security Information ("MOU") and the Acknowledgement attesting that counsel is bound by the terms of the Protective Order ("Acknowledgement").[2] Under the terms of paragraph 17 of the Amended Protective Order (November 8, 2004) the Government may authorize counsel for Guantanamo Bay detainees to review classified material, even if counsel has not yet received security clearance.[3] This Court is empowered to issue, and should issue, such an order authorizing

---

[2] Originals will be filed under separate cover, with copies to the Court Security Officer.

[3] The Amended Protective Order states, "*Without authorization from the government,* no petitioner or petitioner's counsel shall have access to any classified information involved in these cases" without security clearance and a signed MOU. In this case, counsel is seeking authorization through the Court, prior to obtaining security clearance, as provided in the Amended Protective Order.

counsel to review the classified materials under these limited circumstances.

> **B.     *The Government is resisting the Court's August 31, 2005 Order by refusing to produce records of the ARB proceedings***

In addition to withholding classified information from counsel, Respondents object to producing records of ARB proceedings that relate to these detainees. Seeming to forget that they have already partially complied with the Court's August 31, 2005 order to provide returns, Respondents devote several pages explaining why it would be burdensome to produce the records of the CSRT and ARB proceedings in these cases. See Respondents' Opposition at 3-5.  These arguments are unavailing in these circumstances.

Perhaps Respondents most original argument is that Petitioners' request for access to ARB findings is essentially "an improper attempt to take discovery." Respondents' Opposition at 7, n.8. They argue that the ARB proceedings are "separate and distinct from CSRT proceedings, and [that] the purpose of the ARB proceedings is distinct from the issue involved in petitioners' habeas claims." Id. at 6. They distinguish ARB proceedings as being "designed to assess on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants." *Id.*

This is a distinction without a difference. Following ARB proceedings, these detainees are in the same position they were in before the proceedings: they are still detained. Thus, the ARB proceedings deserve no more protection than the CSRT records. The Government has not yet demonstrated a sufficient basis for holding these Petitioners, and the ARB findings must be produced.

3

Respondents also claim that the ARB findings are not "justiciable" and therefore are inappropriate for judicial review. Respondents' Opposition at 8, n. 9.This argument mischaracterizes Petitioners' Motion for Access. Petitioners are not challenging (not yet, at least) the appropriateness of the determinations made by the CSRT and ARB reviews. What Petitioners want is access to those records, to learn what decisions were reached.[4] Given the ambiguities and lacunae in the limited returns that were provided, the requested information is crucial to counsel and to the Court, to learn the basis on which the Government justifies keeping these men in Guantanamo Bay prison. Until a full disclosure is returned to Court, the Government is in contempt of the Court's August 31, 2005 Order.

### B. *Habeas corpus proceedings must not be allowed to founder in a procedural morass*

Respondents do not want this Court to entertain Petitioners' Motion for Access until the pending Next Friend issue and the alternative motion for stay has been settled. *Id.* at 1-4.  In this way, Respondents seek to reargue their case for preventing meaningful access to counsel by detainees held at Guantanamo Bay.  Petitioners are being held virtually incommunicado.  Moreover, Respondents have repeatedly and knowingly exercised their physical control of Petitioners to make it impossible to obtain either the assistance of counsel or any meaningful opportunity to vindicate their right to bring habeas petitions. Petitioners therefore have no choice but to proceed with this

---

[4] As explained in the Motion for Access, the unclassified portions of the returns alone demonstrate that at least one of the Petitioners – and likely both – were recommended as eligible for release despite their classification as enemy combatants. The unclassified returns allude to findings that the Tribunal **"urges favorable consideration for release of the Detainee,"** and ***"urges that he not be forcibly returned to the People's Republic of China."***  These findings (as quoted in the unclassified returns) have not been produced to counsel, and yet are critical to determining whether either Petitioner – or both – are eligible for immediate release. Counsel needs access to the classified CSRT material – and findings by any ARB proceedings – to properly develop these cases and prepare for consultation with the clients.

4

action through a Next Friend, until such time that counsel can meet with them to confirm their desire for representation and verify their combat classification status.[5] Now, even though counsel has been secured and petitions filed, the Government seeks to prevent this Court from knowing who these Petitioners are or allowing these cases to proceed.

As the Supreme Court has repeatedly recognized, "[t]he writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action. Harris v. Nelson, 394 U.S. 286, 290-91 (1969). For that reason, the Court has made clear, "a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'" Id. at 291-92 (quoting Price v. Johnston, 334 U.S. 266, 269 (1948)). It is for that reason as well, that "*[t]he scope and flexibility of the writ – its capacity to reach all manner of illegal detention – its ability to cut through barriers of form and procedural mazes – have always been emphasized and jealously guarded by courts* and lawmakers." Id. at 290-91 (emphasis added.) Accord, Hensley v. Municipal Court, 411 U.S. 345, 349-50 1973)(Habeas corpus is "not a static, narrow, formalistic remedy.")

Indeed, the writ of habeas corpus presents a simple proposition: that whenever it imprisons a human being, the executive can be required to justify that imprisonment in law. The CSRT returns supplied by Respondents are incomplete, and do not justify Petitioners' continued incarceration.

**CONCLUSION:**

The Court is respectfully urged to issue an Order allowing Petitioner's counsel to have immediate access to the classified portions of the Petitioners' final records of proceedings before the

---

[5] Indeed, as this Court is aware, counsel in the Qassim case, CV 05-497(JR), did not know – although the Government had known for months but refused to disclose – that the Petitioners had been cleared by the CSRT until they went to Guantanamo Bay and consulted with their clients.

5

Combatant Status Review Tribunal and all records relating to the Administrative Review Board process.

Dated: October 21, 2005                              COUNSEL FOR PETITIONERS:


Of Counsel:

    Barbara Olshansky                                    /s/
    Deputy Director                                 Elizabeth P. Gilson
    CENTER FOR CONSTITUTIONAL          CT 002480
    RIGHTS                                           383 Orange Street
    666 Broadway, 7th Floor                   New Haven, CT 06511
    New York, NY 10012                         Telephone:   (203) 777-4050
    Telephone:   (212) 614-6439            Facsimile:    (203) 787-3259

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SADAR DOE, *et al.*, | ) | |
| Petitioners | ) ) ) | |
| v. | ) | Civil Action No. 05-CV-1704 (JR) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**[PROPOSED] ORDER**

The Court has before it Petitioners' Motion for Access to Clients and Access to CSRT Findings and ARB proceedings. After considering the Motion, and for good cause shown, it is hereby ORDERED that the Motion is GRANTED.

SO ORDERED, this ____ day of _____, 2005.

_____

Hon.

United States District Court

7