*PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                             )
SADAR DOE, *et al.,*         )
                             )
         Petitioners         )
                             )   Civil Action No. 05-CV-1704 (JR)
v.                           )
                             )
GEORGE W. BUSH, *et al.,*    )
                             )
         Respondents.        )
_____)

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
ACCESS TO CLASSIFIED FACTUAL RETURNS**

**INTRODUCTION**

Sadar Doe (also known as Bahtiyar Mahnut) and Arkeen Doe (also known as Arkina Amahmud)("Petitioners") are two Chinese Uighur detainees – brothers – held by the United States Government at Guantanamo Bay Naval Station ("Guantanamo Bay"). In response to the Court's August 31, 2005 Order directing respondents to "make a return certifying the true cause of petitioner's detention," the Government has produced to Counsel the unclassified portion of Petitioners' final records of proceedings before the Combatant Status Review Tribunal ("CSRT"). Putatively classified portions of the CSRT proceedings were filed with the Court *in camera*, under seal; counsel for Petitioners has not seen the classified portions or been apprised of the contents. *See,* Respondents' Response to Order to Show Cause and Notice of *In Camera* Submission Under Seal dated September 21, 2005, Dkt. No. 9 ("Response and Notice").

In the time since September 21, 2005, Counsel for Petitioners has obtained security clearance, and a Protective Order has issued in this action. Accordingly, there is no reasonable basis

for denying Counsel access to the classified materials, and the Court should compel Respondents to comply with its Order.

### A.      The unclassified returns alone do not certify the true cause of Petitioners' continued incarceration.

As part of its Response and Notice, the Government averred that both Petitioners have been determined to be enemy combatants affiliated with forces engaged in hostilities against the United States and its coalition partners. *Id*. at 1. However, the unclassified portions of the returns alone demonstrate that at least one of the Petitioners – and likely both – were recommended as eligible for release despite their classification as enemy combatants.  The returns also document how these Petitioners, and other Uighur detainees, are trapped in the middle of a diplomatic imbroglio between the United States and China, resulting in their continued confinement in a Guantanamo prison cell, unable to communicate with the outside world. [1]

At the time that the Petitioners' October, 2004 CSRT proceedings were held, the State Department was already wrestling with the resettlement options available to the Uighur detainees held in Guantanamo Bay. However, the returns make it clear that these Petitioners, and their CSRT officers, as well, all believed that the detainees would be returned to China if they were determined not to be enemy combatants. Hence, the Petitioners faced a Hobson's choice: either try to prove their innocence and be sent to China for possible torture and even death, or not put on a defense, thereby saving their lives but at the cost of their liberty.

Similarly understanding this impossible choice, and voicing the belief that forced repatriation was the only alternative to further incarceration, the CSRT – in a bizarre twist – chose neither option.  As a compromise, the CSRT adjudged the Petitioners to be enemy combatants, yet

---

[1]  For a full factual statement of the unclassified portions of the CSRT proceedings – which alone demonstrate the due process concerns involving these Petitioners – the Court is respectfully referred to Petitioners' September 29, 2005 Motion for Order Requiring Access to Clients and Motion for Access to CSRT and ARB findings, Doc. # 12.

2

(according to information quoted in the unclassified returns provided to counsel) it recommended that "favorable consideration for release" be given, and urged that the detainee "not be sent back to China." The returns also contain a record of one detainee's Personal Representative's vigorous, unprecedented, objections to the Tribunal's exclusion of exculpatory evidence during the proceedings.

At a minimum, the unclassified CSRT proceedings provided to counsel do not build a case for the Government that these Petitioners should be detained a day longer. Indeed, the limited information that the Government allowed Petitioners' counsel to see raises a powerful inference that these Petitioners were classified as enemy combatants to save them from harm, and were concurrently (or subsequently) deemed not to be a threat to the security of the United States, and thus are eligible for release.

Further delay will only compound the unjustness of this situation. Therefore, this Court is respectfully urged to compel access to the classified materials that shed light on the CSRT and other proceedings in these cases

    **B.**    **Respondents failure to comply with the Court's Order greatly prejudices Petitioners.**

In addition to flaunting the Court's Order to produce complete returns, and interfering with Counsel's ability to prepare her case, Respondents' recalcitrance works a real injustice on the Petitioners by preventing meaningful participation in ongoing military review proceedings. On February 2, 2006, the military Office for the Administrative Review of the Detention of Enemy Combatants (OARDEC) notified all habeas counsel that it is preparing to conduct Administrative Review Board (ARB) proceedings for 2006. All counsel were advised of the opportunity to "provide

3

input regarding your client for review and consideration" by the 2006 ARBs.[2] The notice to counsel, received February 2, 2006, provides that:

> If you have new information that will aid the ARBs in assessing the threat your client may continue to pose to the U.S. or its allies, you can submit that information through the process described in the attached fact sheet.

Petitioners Counsel must have access to all CSRT materials in order that Petitioners' participation in the review process have substance and meaning. While the hearing will not revisit the CSRT tribunal's determination about Petitioners' combatant status, it is critical that any decision regarding the "dangerousness" of these Petitioners should be reached only after the ARB panel considers how slight and unreliable the evidence of their status truly is.

### C. Respondents will not be burdened by providing to Petitioners' Counsel a copy of documents already filed with the Court.

Counsel for Respondents cannot argue that compliance with the Court's Order will be unduly burdensome. The materials have already been filed with the Court under seal, and copies can easily be placed in Counsel's drawer at the Secure Facility. However, even if it were an effort to collect the returns – and that is not the case here – then the government would still be compelled to comply with the Court's lawful Order, which has not been vacated, stayed or otherwise countermanded. Indeed, the Amended Protective Order entered in these cases requires that Respondents provide reasonable access for counsel to review Detainee materials.

---

[2] The ARB is a process managed through the Office for the Administrative Review of the Detention of Enemy Combatants at Guantanamo Bay. The process provides an "annual review to determine the need to continue to detain enemy combatants . . . and explain why the enemy combatant's release would otherwise be appropriate." Options available to the ARB include recommending release or continued detention. *See,* ARB implementation rules and procedures (Encl (3)), at http://www.defenselink.mil/news/Sep2004/d20040914adminreview.pdf.

Based on the foregoing, and because these Petitioners have been imprisoned for nearly four years without cause, Counsel respectfully requests that the Motion to compel be granted.

Dated: February 6, 2006                                  COUNSEL FOR PETITIONERS:

Of Counsel:

    Barbara Olshansky                                                  /s/
    Deputy Director                                         Elizabeth P. Gilson
    CENTER FOR CONSTITUTIONAL          CT 002480
    RIGHTS                                                383 Orange Street
    666 Broadway, 7th Floor                     New Haven, CT 06511
    New York, NY 10012                         Telephone:   (203) 777-4050
    Telephone:   (212) 614-6439              Facsimile:   (203) 787-3259