IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| USAMA HASAN ABU KABIR, *et al.*, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.*, )<br>)<br>Respondents. ) | Civil Action No. 05-CV-1704 (JR) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION TO COMPEL ACCESS TO CLASSIFIED FACTUAL RETURNS**

Respondents hereby oppose petitioners' motion to compel counsel access to classified versions of factual returns pertaining to petitioners in this case.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id.

§ 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See <u>Telecommunications Research and Action Center v. FCC</u>, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  For these reasons, respondents oppose petitioners' motion to compel counsel access to classified factual returns.

Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[1]  Accordingly, absent further direction from the Court, respondents should not be required to submit a further substantive response to the present request for relief.  Nonetheless, in an abundance of caution regarding this understanding, respondents also oppose petitioners' request for relief for the reasons discussed below.

As explained in respondents' memorandum in opposition to petitioners' motion for order requiring access to clients and motion for access to all Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") findings (dkt. no. 15), the relief requested by counsel for petitioners should not be granted pending the resolution of respondents' challenge to the "next friend" petitioner's standing to pursue this litigation.  See Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing, or, in the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 4).  As

---

[1] The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.  On January 27, 2006, the D.C. Circuit issued a revised supplemental briefing schedule, with an initial brief by respondents due on February 17, 2006, an opposition by petitioners due on March 10, 2006, and respondents' reply due on March 17, 2006.  Oral argument is scheduled for March 22, 2006.

demonstrated in respondents' motion challenging "next friend" standing in this case, the putative "next friend" petitioner has not established that he possesses proper "next friend" standing under the two-pronged standard articulated by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). See id. at 5-13. Absent proper standing to sue, this case should be dismissed for lack of jurisdiction. Thus, given that the legitimacy of this lawsuit remains in question, the Court should deny counsel's request for access to classified versions of factual returns regarding petitioners.

Indeed, in light of the jurisdictional infirmities present in this case, there is no reason why counsel needs access to classified factual returns pertaining to petitioners at this time. Counsel's belief that access is necessary because "Petitioners were classified as enemy combatants to save them from harm," see Pets' Mem. at 2-3, is a merits-based argument, and the Court should not reach or consider such an argument, or take steps to facilitate litigation of the issue, pending resolution of the jurisdictional issues. In any event, counsel's assertion, i.e., the CSRT improperly declared petitioners to be enemy combatants to prevent their return to China, is pure, improper speculation. The CSRT panels reviewing petitioners' status unanimously determined that petitioners were properly classified as enemy combatants because they were affiliated with forces engaged in hostilities against the United States and its coalition partners. See Respondents' Response to Order to Show Cause and Notice of In Camera Submission Under Seal (dkt. no. 9), Exs. A, B. Accordingly, petitioners are lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and are being detained. Whether the CSRT also recommended "favorable consideration for release" and "urge[d] that the detainee

'not be sent back to China,'" see Pets' Mem. at 3, has no bearing on the CSRT's determination of enemy combatant status.

In fact, petitioners appear to conflate the function of the CSRT proceedings with the function of the ARB proceedings, which are not properly before this Court, nor a proper subject for this litigation. See Pets' Mem. at 3-4 (requesting access to classified CSRT materials to prepare for ARB hearings). ARB proceedings are separate and distinct from proceedings before CSRTs that determine whether detainees are properly classified as enemy combatants. Thus, the purpose of the ARB proceedings is distinct from the issue involved in the habeas petitions before the Court. The habeas petitions, and factual returns filed in connection with the petitions,[2] concern whether a petitioner is properly subject to continued detention by the United States, that is, whether a detainee has been legitimately determined to be an enemy combatant and, thus, may be detained for the duration of hostilities, if necessary. The ARB proceedings, on the other hand, currently are designed to assess, on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants. This decision is based on a weighing and balancing of factors, such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters, and the detainee's continuing intelligence value. See Mem. Implementing Admin. Review of the Detention of Enemy Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/ d20040914adminreview.pdf>>). As a result, the

---

[2] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the CSRT that confirmed petitioner's status as an enemy combatant properly subject to detention.

ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable. See, e.g., Dist. No. 1, Pacific Coast Dist., Marine Engs. Beneficial Ass'n v. Maritime Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement"). Thus, comments made by a CSRT that may have some relevance to ARB hearings pertaining to petitioners have no bearing on whether respondents should be required to submit to counsel factual returns in this habeas proceeding.

Finally, petitioners' assertions about the supposed ease with which respondents can produce classified factual returns to counsel are completely without merit. See Pet's Mem. at 4. Although public and *in camera* versions of the records of proceedings before the CSRT pertaining to petitioners have already been submitted in this case in response to the Court's Order to Show Cause, see Respondents' Response to Order to Show Cause and Notice of *In Camera* Submission Under Seal (dkt. no. 9),[3] for these records to be submitted to counsel they must also be reviewed by agencies who provided source information to the Department of Defense to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare classified versions of

---

[3] Petitioners' accusation that respondents "flaunted" the Court's Order to Show Cause by not providing counsel with classified versions of the factual returns, see Pets' Mem. at 3, is false. The Court's Order required respondents to "make a return certifying the true cause of petitioner's detention." See August 31, 2005 Order to Show Cause (dkt. no. 6). Respondents fully complied with the Court's Order by submitting public and *in camera* versions of the records of proceedings before the CSRT pertaining to petitioners, which certified the true cause of their detention. See Respondents' Response to Order to Show Cause (dkt. no. 9).

the factual returns for submission to the Court and counsel.[4]  Each return can range from dozens to hundreds of pages, depending upon the circumstances.  Thus, respondents face a not inconsequential logistical burden to process and submit the returns.  Further, submission of these returns expands access to classified information contained in the returns, thereby increasing the risks of inadvertent or other disclosure or compromise of the information.  In light of these factors and the new, statutory withdrawal of the Court's jurisdiction, and given that the sense of the Court is to await anticipated guidance from the D.C. Circuit regarding the effect of the Act on the Guantanamo detainee cases before proceeding further in the cases, as well as the deficient "next friend" standing in this matter, respondents should not be required to provide counsel access to classified factual returns in this case.[5]

---

[4] Providing classified returns to counsel would also require submission of additional copies to the Court of the *in camera* versions of the returns highlighting any information that is not disclosed to counsel or that is designated as protected, as explained in the submissions, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases.  The records of CSRT proceedings pertaining to petitioners that were submitted to the Court for *in camera* review in response to the Court's Order to Show Cause (dkt. no. 9) did not contain highlighting.  Thus, if the Court required respondents to make classified versions of the factual returns available to counsel, respondents would resubmit the records of CSRT proceedings to the Court for *in camera* review with highlighting, as appropriate.

[5] Petitioners' implication that counsel are entitled to review the classified factual returns pertaining to petitioners because "the Amended Protective Order entered in these cases requires that Respondents provide reasonable access for counsel to review Detainee materials," Pets' Mem. at 4, is incorrect.  To the contrary, the Protective Order provides:

> Nothing herein shall require the government to disclose classified or protected information.  Nor shall anything herein prohibit the government from submitting classified information or protected information to the Court *in camera* or *ex parte* in these proceedings, or entitle petitioners or petitioners' counsel access to

\*\*\*

For the reasons stated, petitioners' motion to compel access to classified factual returns should be denied.

Dated:  February 24, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

---

such submissions or information.

See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), ¶ 48.