# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SADAR DOE, *et al.*, ) | |
| ) | |
| Petitioners ) | |
| ) | Civil Action No. 05-CV-1704 (JR)(AK) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## PETITIONERS' MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING COUNSEL ACCESS

Sadar Doe (a/k/a Bahtiyar Mahnut) and Arkeen Doe (a/k/a Arkina Amahmud) ("Petitioners") are two Chinese Uighur detainees – brothers – held by the United States Government at Guantanamo Bay Naval Station ("Guantanamo Bay"). They have challenged their detention by filing petitions for *habeas corpus* on their own behalf and through their Next Friend, Usama Hasan Abu Kabir, also a prisoner at Guantanamo Bay.

Respondents have filed a Motion to Show Cause why the Petition for *habeas corpus* should not be dismissed for lack of proper "Next Friend" standing, and have refused counsel access to Petitioners on that ground, even though counsel is otherwise entitled to have access. Counsel has obtained security clearance, and Judge Robertson entered the Protective Order on October 13, 2005.[1]

Petitioners, who have been held *incommunicado* without charge by the United States, who do not speak English, who have no access to family or friends (or even possibly, to one another), have indicated to a fellow detainee who is represented by counsel

---

[1] The "Protective Order" refers to the Amended Protective Order, Protected Information Order, and Supplemental Filing Procedures Order, previously entered by Judge Joyce Hens Green in *Abdah v. Bush*, 04-CV-1254 (HHK) and the other coordinated Guantanamo Bay detainee cases.

that they wish to challenge their potentially indefinite detention without charge. The Supreme Court has held that Guantanamo Bay detainees are entitled to *habeas corpus* review by U.S. District Courts. *Rasul v. Bush,* 542 U.S. 466, 484 (2004). In addition, detainees are entitled to be represented by counsel. *Rasul, supra; Al Odah v. United States*, 346 F. Supp. 2d 1, 7 (D.D.C. 2004). Moreover, "this Court has the authority to 'craft the procedures necessary' to enforce that right." *Adem v. Bush*, 05-CV-00723(AK) Dkt. 36, March 21, 2006 at 8. This Court (Kay, J.) has further determined that "the Protective Order provides the mechanisms by which detainees may access the counsel to which they are entitled." *Id.* at 20. In this case, as in the *Adem* case, "nothing more is necessary."

Although the *Adem* case was not filed through a next friend, this Court has determined that the Protective Order also requires that counsel be permitted to meet with detainees who have filed "next friend" petitions to "confirm [their] desire for representation." *Adem* at 28. Here, Petitioners' counsel is prepared to present the Government with a Notification of Representation, which, other than security clearance, is all that is required prior to first meeting with the clients. The Government has no authority to require more, until and unless counsel, after an appropriate number of visits, is unable to secure the Petitioners' consent to represent them.

Accordingly, this Court is respectfully urged to grant Petitioners' Motion for Order Compelling Counsel Access.

3

Dated: March 28, 2006                                         COUNSEL FOR PETITIONERS:


Of Counsel:

    Barbara Olshansky                                         /s/
    Deputy Director                                       Elizabeth P. Gilson
    CENTER FOR CONSTITUTIONAL     CT 002480
    RIGHTS                                              383 Orange Street
    666 Broadway, 7th Floor                  New Haven, CT 06511
    New York, NY 10012                      Telephone:    (203) 777-4050
    Telephone:    (212) 614-6439            Facsimile:    (203) 787-3259