IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| USAMA HASAN ABU KABIR, *et al.*, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-CV-1704 (JR) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION FOR ORDER COMPELLING COUNSEL ACCESS**

Respondents hereby oppose petitioners' motion to compel counsel access to petitioners in this case.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1), (h)(2).  Accordingly, the Court lacks jurisdiction to order the relief requested by petitioners.  The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

deciding any pending motions.[2] In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

Respondents also oppose petitioners' request for relief because it has not been established that the petition in this case is properly authorized. As explained in respondents' memorandum in opposition to petitioners' motion for order requiring access to clients and motion for access to all Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") findings (dkt. no. 15), and respondents' memorandum in opposition to petitioners' motion to compel access to classified factual returns (dkt. no. 30), the relief requested by counsel for petitioners should not be granted pending the resolution of respondents' challenge to the "next friend" petitioner's standing to pursue this litigation. See Respondents' Motion for Order to

---

[2] In this vein, four other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing, or, in the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 4). As demonstrated in respondents' motion challenging "next friend" standing in this case, the putative "next friend" petitioner has not established that he possesses proper "next friend" standing under the two-pronged standard articulated by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). See id. at 5-13. Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, absent proper standing to sue, this case should be dismissed for lack of jurisdiction. Thus, given that the legitimacy of this lawsuit remains in question, the Court should deny counsel's request for access to petitioners.

Petitioners' reliance on Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 36, 37), in support of their position is misplaced because the Magistrate Judge's Order is clearly erroneous and contrary to law. Respondents address the reasons the Order is contrary to law in Respondents' Motion For Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006, which is attached and is incorporated herein. See Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 38) (attached as Exhibit A).

Finally, petitioners possess no separate right of access to counsel that warrants the application of the protective order to this action notwithstanding the jurisdictional infirmities present in this case. See Pets' Mem. at 2. In Rasul v. Bush, 542 U.S. 466 (2004), the Supreme Court held only that aliens detained at Guantanamo Bay can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241 — jurisdiction now withdrawn by the Act — and did not address whether these detainees have any substantive rights, including the right to counsel. See

3

id. at 484.  Similarly, in Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted.  See id. at 4-5, 7-8.  Thus, contrary to petitioners' suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, neither Rasul nor Al Odah compels the relief requested by petitioners.

    In light of these factors and the new, statutory withdrawal of the Court's jurisdiction, and given that the sense of the Court is to await anticipated guidance from the D.C. Circuit regarding the effect of the Act on the Guantanamo detainee cases before proceeding further in the cases, as well as the deficient "next friend" standing in this matter, counsel should not be granted access to petitioners in this case.

***

    For the reasons stated, petitioners' motion for order compelling counsel access should be denied.

Dated:  April 13, 2006                    Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             DOUGLAS N. LETTER
                                             Terrorism Litigation Counsel

                                              /s/ Preeya M. Noronha
                                           JOSEPH H. HUNT (D.C. Bar No. 431134)
                                           VINCENT M. GARVEY (D.C. Bar No. 127191)
                                           TERRY M. HENRY

JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents