IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SADAR DOE, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1704 (JR) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR STAY AND RECONSIDERATION OF
MAGISTRATE JUDGE'S MAY 11, 2006 MEMORANDUM ORDER**

Respondents hereby submit the following reply memorandum in support of their motion for stay and reconsideration of Magistrate Judge Alan Kay's May 11, 2006 Memorandum Order ("Mem. Order") requiring that respondents promptly permit counsel to meet with two individuals detained by the Department of Defense at the United States Naval Base in Guantanamo Bay, Cuba.  For the reasons stated herein and in Respondents' Motion for Stay and Reconsideration of Magistrate Judge's May 11, 2006 Memorandum Order ("Resps' Mot."), the Magistrate Judge's Memorandum Order should be set aside, and in any event, should be stayed pending the resolution of respondents' motion to reconsider the Order.

First, petitioners argue that, in ordering respondents to permit counsel access to the detainees, the Magistrate Judge properly determined that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), which withdraws the Court's habeas jurisdiction over this case, was not implicated.  See Petitioners' Memorandum in Opposition to

Respondents' Motion for Stay and Reconsideration of Order Compelling Counsel Access ("Pets' Opp.") at 5-6. Petitioners contend that the Magistrate Judge's Order "amounts to nothing more than the routine enforcement of a valid Protective Order," id. at 10, which is subject to the inherent power of the District Court and is unaffected by jurisdictional considerations. See id. at 5-6. As explained in respondents' motion for stay and reconsideration, however, the Act's withdrawal of the Court's jurisdiction applies to all aspects of this case, including counsel access issues. See Resps' Mot. at 12-14. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."). Consequently, the Magistrate Judge had no legal authority to issue the prospective relief ordered in this case.[1]

Furthermore, notwithstanding the Act's withdrawal of the Court's jurisdiction to proceed further with regard to any aspect of this habeas action, the Court has no authority to order counsel access by "enforcing" the Protective Order because, by their terms, the Protective Order and its subsidiary Access Procedures do not order, require, or compel respondents to permit a counsel visit with a detainee. See Resps' Mot. at 14-15. The Access Procedures are incorporated into the Protective Order "to the extent they place limitations on petitioners' counsel in their access to and interaction with petitioners or handling of information." Access Procedures, ¶ 6. While the Access Procedures certainly operate with the assumption that counsel visits will occur in that they set the terms and procedures applicable to any such visits, they do not themselves compel

---

[1] Petitioners cite Judge Friedman's April 13, 2006 Order in Al Salami v. Bush, No. 05-CV-2452 (PLF), which in turn relies on the Magistrate Judge's reasoning in Adem v. Bush, No. 05-CV-0723 (RWR), to support their argument that counsel access issues are independent of the Court's jurisdiction to hear or consideration the habeas action. See Pets' Opp. at 5-6. For the reasons stated herein, Judge Friedman's Order in Al Salami disregards the serious jurisdictional issues raised by the Act and should not be persuasive to this Court.

respondents to provide such visits on demand of counsel.  Thus, the Court cannot rely upon "enforcement" of the terms of the Protective Order as the basis for compelling respondents to permit a counsel visit in this case.

Petitioners also claim that the Magistrate Judge correctly relied upon the reasoning in Judge Roberts's decision in Adem, which determined that respondents were imposing an "unconscionable" and "unworkable" demand by requiring that detainees "identify a specific lawyer from among all the volunteer lawyers – most of whom are unknown to the detainee before a meeting . . . ." See Pets' Opp. at 7 (citing April 28, 2006 Memorandum Opinion and Order in Adem v. Bush, No. 05-CV-0723 (RWR), at 16).  To the contrary, respondents have never required that detainees "identify a specific lawyer" in order to authorize a challenge to their detention at Guantanamo Bay.  Rather, as explained in respondents' motion for stay and reconsideration, respondents have provided reasonable mechanisms, consistent with the jurisdictional requirements in habeas cases, for detainees to contact the Court or a source for counsel should they desire to do so.  See Resps' Mot. at 28-30.  These mechanisms include notifying the detainees of their ability to send mail indicating the desire to challenge their detention directly to the Court, to a lawyer, or to family members and friends who may seek to satisfy the Supreme Court's requirements for next friend standing as expressed in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).  See id.  In addition, detainees who indicate to Guantanamo personnel that they desire a lawyer are provided a form in their own language (or are read the form in their language if they are illiterate) to request a lawyer from the American Bar Association.  See id. at 30, n.22.  Thus, given that the Magistrate Judge's Order relies on an

erroneous characterization of respondents' position and practices regarding the methods by which detainees may challenge their detention, the Order should be set aside.

Petitioners contend that respondents have "over-dramatized" the effect of the Magistrate Judge's Order because respondents previously allowed counsel access to detainees in cases where other detainees sought habeas relief on their behalf without satisfaction of the next friend standing requirements and, therefore, respondents are now merely attempting to "keep these detainees from their lawyer." Pets' Opp. at 8-9. Similarly, petitioners contend that ongoing counsel access in other Guantanamo habeas cases where the Protective Order has been entered and its requirements satisfied, seemingly justifies the Magistrate Judge's Order requiring counsel access in this case despite the Act's withdrawal of the Court's jurisdiction. See id. at 6. Contrary to petitioners' accusation, throughout the course of the Guantanamo habeas litigation, respondents have never attempted to inappropriately interfere with counsel access to properly represented detainees. Rather, as explained in respondents' motion for stay and reconsideration, and in the multiple briefs submitted regarding this issue, respondents have declined to permit counsel access to Sadar Doe and Arkeen Doe because petitioners have failed to establish that the petition for writ of habeas corpus in this case has been properly brought before this Court. See Resps' Mot. at 26-33; Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing at 6-15. The law provides only two avenues by which a habeas petition may be properly brought: (1) the individual who is seeking habeas relief must sign and verify the petition, i.e., the petition must be directly authorized; or (2) the petition must be signed and verified by another person acting on that individual's behalf – a "next friend" – whom the Supreme Court has determined must satisfy certain requirements in

order to properly serve in this capacity.  See Whitmore, 495 U.S. at 163-64.  Notwithstanding the Act's withdrawal of the Court's habeas jurisdiction, given that Sadar Doe and Arkeen Doe have not signed and verified the petition in this case, and that Usama Hasan Abu Kabir, the next friend petitioner, has failed to satisfy the Whitmore requirements for next friend standing, the Court cannot exercise jurisdiction over this case.  See Resps' Mot. at 26-33; Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing at 6-15.

Although respondents initially permitted counsel access in some of the first cases filed with ostensible next friend standing deficiencies, respondents changed their practice as these improper petitions surged in number and it became apparent that this phenomenon was simply a mechanism by which counsel were attempting to improperly abuse the next friend device in order to solicit the detainee population for clients, without giving any consideration to satisfying jurisdictional requirements.  Given that the purported next friends typically have minimal knowledge about the detainees on whose behalf they are attempting to seek habeas relief, these deficient next friend cases presented the practical and very significant problem of identifying the detainees for whom habeas relief is sought,[2] and have also resulted in increasing occurrences of allegedly represented detainees refusing to meet with attorneys who travel to Guantanamo Bay to

---

[2] Given the names or aliases of many of the approximately 450 individuals detained at Guantanamo Bay, it is difficult, if not impossible to correctly identify detainees based on the scant identifying information provided in these next friend petitions.  Respondents are often left trying to guess at a detainee's identity.  Indeed, respondents have yet to identify more than 100 purported petitioners as individuals presently detained at Guantanamo Bay.  Moreover, there have already been at least two instances in which respondents incorrectly identified petitioners in Guantanamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantanamo Bay.

meet them, which taxes the already overburdened resources of the Military at Guantanamo Bay, and wastes the time and expense of counsel. Requiring petitions to be properly authorized – either directly by the detainee or through a valid next friend – would likely alleviate some of the very real practical problems resulting from the deficient jurisdiction. Thus, because the rising phenomenon of detainees seeking habeas relief on behalf of other detainees exhibited a blatant disregard for the jurisdictional requirements of the habeas statute as well as resulted in a number of practical problems in the litigation, respondents began challenging the standing of the next friend petitioners in these cases. In any event, the circumstances of when or how respondents elected to challenge the standing of petitioners with deficient next friend standing, as in this case, or permitted counsel visits to Guantanamo Bay to continue pending anticipated guidance from the D.C. Circuit in cases where petitioners are properly represented, is of no moment, since respondents cannot waive a challenge to the Court's jurisdiction. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived" and the Court has "an independent obligation to assure" itself of jurisdiction).[3]

Finally, petitioners accuse respondents of "deceiving the Court" regarding the status of petitioners Sadar Doe and Arkeen Doe at Guantanamo Bay. Pets' Opp. at 9. As reflected in

---

[3] Petitioners also contend that respondents' challenge to the Court's jurisdiction in this case must reflect an intention to improperly interfere with detainees' access to lawyers because counsel are bound by the terms of the Protective Order and the "risk of unauthorized access to the detainees or other security risks is non-existent." Pets' Opp. at 9. To the contrary, respondents have confronted a number of violations of the Protective Order by counsel with security clearances, some with serious implications to the security of the base and its mission, which have been addressed on a case-by-case basis. The Magistrate Judge's Order, which requires the government to provide direct, privileged counsel access to wartime detainees in a military detention facility without establishing that a proper petition has been filed, not only poses serious jurisdictional and separation of powers concerns, but also increases the possibility of such violations, intentional or advertent, in the future.

respondents' response to the Court's Order to Show Cause, the Combatant Status Review Tribunal panels reviewing petitioners' status unanimously determined that petitioners were properly classified as enemy combatants because they were affiliated with forces engaged in hostilities against the United States and its coalition partners. <u>See</u> Respondents' Response to Order to Show Cause and Notice of *In Camera* Submission Under Seal, Exs. A, B.  Accordingly, petitioners are lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and are being detained.  There is no "high probability" that these detainees have been "cleared," as petitioners suggest.  Pets' Opp. at 9.  Petitioners have been determined to be enemy combatants, and may be detained for the duration of hostilities, if necessary.

***

For the reasons stated herein and in respondents' motion for stay and reconsideration, the Magistrate Judge's Memorandum Order is contrary to law and clearly erroneous.  Accordingly, the Memorandum Order should be set aside.  Further, given that arrangements have been made for a visit to Guantanamo Bay by petitioners' counsel beginning on July 13, 2006, consistent with the Magistrate Judge's Order, the Court should immediately stay the Order to the extent it requires action by respondents pending the Court's resolution of respondents' motion for reconsideration.

Dated:  June 12, 2006                              Respectfully submitted,

                                                                       PETER D. KEISLER
                                                                        Assistant Attorney General

                                                                        DOUGLAS N. LETTER
                                                                        Terrorism Litigation Counsel

    /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents