*Previously Cleared by CSO for Public Filing*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| USAMA HASSAN ABU KABIR, *et al* <br> Petitioners <br> v. <br> GEORGE W. BUSH, *et al.,* <br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-CV-1704 (JR)(AK) |
| JAMAL KIYEMBA, *et al.*, <br> Petitioners <br> v. <br> GEORGE W. BUSH, *et al.,* <br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-CV-1509 (RMU)(AK) |

## JOINT EMERGENCY MOTION
## FOR ORDER REQUIRING BASE ACCESS
## FOR PREVIOUSLY-CLEARED UIGHUR TRANSLATOR

**INTRODUCTION**

Petitioners are Chinese Uighur detainees held by the United States Government at Guantanamo Bay Naval Station ("Guantanamo Bay"). Petitioners file this emergency motion for an order requiring base access for a previously-cleared Uighur translator in connection with client visits scheduled to begin on July 13, 2006. The subject matter of the motion pertains to the interpretation or construction of the Protective Orders entered in the above-captioned cases, and is within the

jurisdiction of this Court (Kay, M.J.) to resolve pursuant to the November 2, 2005 Order of the Chair of the Calendar and Case Management Committee (Kessler, J.) and LCVR 72.2(a). In support of the motion, petitioners state that the government has the authority to waive clearance procedures for travel to the base, which is the proper remedy in this instance, where security clearance has already been granted previously and where counsel has a bona fide need for the translator's services. In addition, petitioners rely on the Memorandum of Law filed herewith.

Dated: July 7, 2006                                         COUNSEL FOR PETITIONERS:

Of Counsel:

| | |
|---|---|
| Barbara Olshansky<br>Deputy Director<br>CENTER FOR CONSTITUTIONAL<br>RIGHTS<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Telephone:   (212) 614-6439 | _____/s/_____<br>Elizabeth P. Gilson<br>CT 002480<br>383 Orange Street<br>New Haven, CT 06511<br>Telephone:   (203) 777-4050<br>Facsimile:   (203) 787-3259 |
| | _____/s/_____<br>Sabin Willett<br>Neil G. McGaraghan<br>Jason S. Pinney<br>BINGHAM MCCUTCHEN LLP<br>150 Federal Street<br>Boston, MA  02110-1726<br>Telephone: (617) 951-8000<br>Facsimile:  (617) 951-8925 |
| | Susan Baker Manning<br>Hope M. Jarkowski<br>BINGHAM McCUTCHEN LLP<br>1120 20th Street, NW, Suite 800<br>Washington, DC  20036<br>Telephone: (202) 778-6150<br>Facsimile:  (202) 778-6155 |

---

1

*Previously Cleared by CSO for Public Filing*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| USAMA HASSAN ABU KABIR, *et al* <br> Petitioners <br> v. <br> GEORGE W. BUSH, *et al.,* <br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-CV-1704 (JR)(AK) |
| JAMAL KIYEMBA, *et al.*, <br> Petitioners <br> v. <br> GEORGE W. BUSH, *et al.,* <br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-CV-1509 (RMU)(AK) |

**MEMORANDUM IN SUPPORT OF JOINT EMERGENCY MOTION**
**FOR ORDER REQUIRING BASE ACCESS**
**<u>FOR PREVIOUSLY-CLEARED UIGHUR TRANSLATOR</u>**

**INTRODUCTION**

This emergency motion is brought jointly by counsel for the above-captioned petitioners. Petitioners all are Chinese Uighur detainees held by the United States Government at Guantanamo Bay Naval Station ("Guantanamo Bay"). Although Protective Orders have been issued in each of the cases, most of the petitioners have not met with counsel due to protracted litigation over counsel's right to represent them by and through their next friends. By separate Orders dated May 11, 2006,

and June 29, 2006, Magistrate Judge Alan Kay ruled that the Protective Order entered in each of the cases should be enforced to allow immediate access to the clients, reasoning that "it is unacceptable to make them wait any longer." Counsel immediately arranged for travel to the base, which was approved by the government.[1] Unfortunately, with only days left before counsel are scheduled to leave for the base,[2] a new roadblock has been erected involving clearance of a Uighur translator, which threatens to further delay the long-anticipated meetings.

Counsel has arranged for an experienced Uighur translator, Ms. Rushan Abbas, to accompany them to the base. Ms. Abbas is known to the clients *and* to the government. Indeed, she has previously been cleared for travel to Guantanamo Bay, and did travel to Guantanamo Bay, after being retained by the government to serve as its own interpreter for the military interrogators questioning the newly-arrived Uighur prisoners. In fact, Ms. Abbas lived at Guantánamo Bay for eight months in 2002 and again for two months in 2003. Weeks ago, the government approved Ms. Abbas as counsels' interpreter, albeit noting that her prior security clearance had expired and would have to be renewed. More than once, the government indicated to counsel that clearance would not be a problem given Ms. Abbas' prior service at Guantánamo. Counsel relied on those indications, and booked thousands of dollars in airline tickets for Ms. Abbas's travel, and their own.[3]

---

[1] The government retained the "right" to withdraw its approval should Magistrate Judge Kay's rulings be overturned by the respective judges to whom the cases are assigned. As of this date, the appeals have not been ruled on, and the approvals for client visits still stand.

[2] Attorney Gilson has been approved for travel on July 13, 2006, departing on July 16th. Bingham counsel are scheduled to arrive on July 16th, departing on July 21st.

[3] As part of the base access procedures, counsel must request client visits well ahead of time, and must advise the government who will be traveling to the base, and what their travel arrangements are. Tickets between Ft. Lauderdale and the base, alone, are $400 per person, non-refundable. Tickets must be purchased before applying for a client visit, as the planes are small and not having a ticket risks not being able to go at the approved time.

Then, on Wednesday, July 5, 2005, the Court Security Office advised counsel that they had been unable to locate Ms. Abbas' prior security clearance paperwork, and would probably not be able to complete its review of Ms. Abbas' recently submitted paperwork in time for counsels' scheduled client visits. The government maintains this position even though Ms. Abbas has stated that she will execute the Protective order and Non-Disclosure Agreement, and will scrupulously observe all rules and regulations set forth in the Revised Procedures for Counsel Access, attached as Exhibit A to the Protective Orders entered in these actions. *See*, Declaration of Rushan Abbas, filed herewith. Ms. Abbas has additionally stated that she will not disclose to counsel any information that she might have learned during her employment as a government translator, and understands that she has been retained for the sole purpose of providing translation services

The government's continuing pattern of obstruction cannot be tolerated. This Court is respectfully urged to order the Court Security Office to exercise its authority to order base clearance for Ms. Abbas so that she may proceed to the base as scheduled. Without such an order, the Court's prior rulings regarding counsel access under the Protective Order are meaningless, and a miscarriage of justice will result.

**ARGUMENT**

**I.    THE GOVERNMENT HAS THE AUTHORITY TO WAIVE CLEARANCE PROCEDURES FOR TRAVEL TO THE BASE, WHICH IS THE PROPER REMEDY IN THIS INSTANCE WHERE SECURITY CLEARANCE HAS ALREADY BEEN GRANTED PREVIOUSLY AND WHERE COUNSEL HAS A NEED FOR THIS TRANSLATOR'S SERVICES**

Ms. Abbas is a native-speaker of the Uighur language. She is, to the best of counsels' belief, the only cleared, native-Uighur-speaking translator reasonably-available for frequent and prolonged

visits to the base.[4] Her prior experience and familiarity with petitioners, and her skill with the nuances of the language, will be a significant asset for counsel visits with these prisoners, who have languished behind bars for more than four years. As this Court is well-aware, the Uighur situation at Guantanamo Bay is unique, and shameful.

The government's position that Ms. Abbas cannot be afforded base access now is not credible. The government essentially is saying that it is second-guessing its previous decision to grant base clearance to one of its own interpreters. Or, the government is saying that a translator can be acceptable for purposes of building the government's case, yet not "secure" enough for purposes of assisting the defense. The government's argument becomes even more unavailing when the Court considers that these prisoners have not learned anything remotely "classified" in their last four years of confinement since Ms. Abbas's last visits. Indeed, in the unlikely circumstances that classified information is discussed, Ms. Rushan would, of course, be bound by the Protective Order and Non-Disclosure Agreement (which, by its terms, never expires).

When counsel questioned the government about its eleventh-hour position, the government argued that Ms. Abbas had only received "interim clearance" while working as a government translator, and that the "interim clearance" was never finalized because her employment was ended. But whatever its label, Ms. Abbas's clearance gave the government sufficient confidence that it

---

[4] Ms. Gilson originally asked permission to take Mr. Nury Turkel to the base as her interpreter, but the government denied that request. Mr. Turkel, also a native-speaker (but not a U.S. citizen), has been cleared to go to the base a number of times to interpret for counsel representing those prisoners designated as non-enemy combatants. There is no reasonable basis for denying Mr. Turkel access to the base to assist with other Uighur detainees. Other than Ms. Abbas, counsel has identified only one other person who has obtained secret clearance as a Uighur translator. This motion should not in any way be deemed as criticism of this individual, but he is not a native speaker, and does not speak the language conversationally. *See*, Declaration of Sabin P. Willett, filed herewith.

could permit her access to the "Enemy Combatants" without compromising national security. That should be good enough here too.

Moreover, counsel is not asking for permanent security clearance for Ms. Abbas. All we need is clearance for Ms.Abbas to go to the base as scheduled, Further background work, if necessary, can continue.

Sadly, it appears that the government is continuing to engage in unreasonable, intolerable, stalling tactics, all to the effect of preventing judicial scrutiny of the facts of the Uighur cases. The government's recalcitrance effectively violates the Protective Order governing these cases, and it flouts the Court's May 11th and June 26th Orders requiring meaningful access to the prisoners. This obstructionism is all the more disturbing because the government is empowered with the authority to waive or modify clearance procedures at its discretion. If ever there were a case where such discretion is merited, this is it.

For all of these reasons, petitioners respectfully request that their Motion for Emergency Order be granted, so that Ms. Abbas may be cleared for access to the base for the July visits, as scheduled.

Dated: July 7, 2006                                    COUNSEL FOR PETITIONERS:

Of Counsel:

    Barbara Olshansky                                            /s/
    Deputy Director                                    Elizabeth P. Gilson
    CENTER FOR CONSTITUTIONAL              CT 002480
    RIGHTS                                                       383 Orange Street
    666 Broadway, 7th Floor                            New Haven, CT 06511
    New York, NY 10012                                Telephone:   (203) 777-4050
    Telephone:    (212) 614-6439                   Facsimile:    (203) 787-3259


                                                           /s/
                                        Sabin Willett
                                        Neil G. McGaraghan
                                        Jason S. Pinney
                                        BINGHAM MCCUTCHEN LLP
                                        150 Federal Street
                                        Boston, MA  02110-1726
                                        Telephone: (617) 951-8000
                                        Facsimile:  (617) 951-8925

                                        Susan Baker Manning
                                        Hope M. Jarkowski
                                        BINGHAM McCUTCHEN LLP
                                        1120 20th Street, NW, Suite 800
                                        Washington, DC  20036
                                        Telephone: (202) 778-6150
                                        Facsimile:  (202) 778-6155

## CERTIFICATE OF SERVICE

I, Jason S. Pinney, have this 7th day of July, 2006, served copies of the foregoing **MEMORANDUM IN SUPPORT OF JOINT EMERGENCY MOTION FOR ORDER REQUIRING BASE ACCESS FOR PREVIOUSLY-CLEARED UIGHUR TRANSLATOR** by electronic mail on:

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

_____/s/_____
Jason S. Pinney