```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


SADAR DOE, et al,                  :
                                   :
        Petitioner,                :
                                   :
    v.                             :  Civil Action No. 05-1704 (JR)
                                   :
GEORGE W. BUSH, et al,             :
                                   :
        Respondents.               :
```

### ORDER

Pending before this court is Respondents' motion for reconsideration, or, in the alternative, for a stay of Magistrate Judge Alan Kay's May 25, 2006 Memorandum Order requiring respondents to permit counsel to meet with petitioners Sadar and Arkeen Doe, Chinese Uighur detainees presently held by respondents at the United States Naval Base in Guantanamo Bay, Cuba. Respondents filed similar motions in other cases in which the Magistrate Judge ordered them to allow counsel to meet with detainees, all of which have been rejected. See Thabid v. Bush, Civ. No. 05-2398 (ESH) (D.D.C. Aug. 17, 2006); Kiyemba v. Bush, Civ. No. 05-1509 (D.D.C. Aug. 7, 2006); Razakah v. Bush, Civ. No. 05-2370 (EGS) (D.D.C. May 18, 2006); Adem v. Bush, 2006 WL 1193853 (RWR) (D.D.C. Apr. 28, 2006). To the extent that those decisions address the jurisdictional and interpretive issues presented in respondents' motion, the court adopts the reasoning and outcome of those cases. "There is no need for the undersigned to spill any more ink by adding to what has already

been so eloquently said by other judges of this Court." <u>Thabid</u>, at 1.

To the extent that the instant motion rests on alleged deficiencies of standing in the petition for habeas corpus filed by Usama Hasan Abu Kabir as next friend to the Doe petitioners, the court notes that the question has been referred to Judge Louis F. Oberdorfer. On November 4, 2005, Judge Orberdorfer ordered petitioners and respondents to "consult with Magistrate Judge Kay as soon as is practicable...to discuss how counsel for Petitioners may obtain access to the detainees who allegedly seek to be represented by next friends to determine if the detainees will authorize counsel to represent them directly," and on November 17, 2005, he denied respondents' motion for reconsideration of the November 4 order. Since the Judge Kay's May 25 order accomplishes this directive from Judge Oberdorfer, vacating or staying the order pending resolution of the standing question would conflict with the course Judge Oberdorfer has chosen for that issue.

Accordingly, respondents' motion for reconsideration of Judge Kay's May 25 order requiring counsel access [34] and respondents' motion for a stay of that order [35] are hereby **denied**.

It is **SO ORDERED**.

                                JAMES ROBERTSON
                            United States District Judge