Approved for public filing by CSO 4/16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **USAMA HASSAN ABU KABIR**, *et al.,* ) | |
| ) | |
| Petitioners ) | |
| ) | Civil Action No. 05-CV-1704 (JR) |
| v. ) | |
| ) | |
| **GEORGE W. BUSH**, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## MOTION TO ALTER OR AMEND THE JUDGMENT OF
## DISMISSAL AND FOR A STAY-AND-ABEY ORDER

Petitioners Bahtiyar Mahnut and Arkin Amahmud respectfully requests that this Court, in the interests of justice, (1) reinstate Petitioners' habeas action, pursuant to this motion to alter or amend the judgment of dismissal entered by this Court, (2) upon reinstatement, stay the dismissal of this habeas action pending Petitioners' exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (3) hold this action in abeyance pending Petitioners' exhaustion of those remedies and the resolution in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194. Respondents oppose this motion.

A.   **Reconsideration is Appropriate Where Court Did Not Have An Opportunity to Consider Meritorious Arguments Prior to Dismissal and Dismissal Results in Manifest Injustice.**

Petitioners seek reconsideration of this Court's April 5, 2007 *sua sponte* dismissal of plaintiff's habeas action pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). "The district court has considerable discretion in ruling on a Rule 59(e) motion." *Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)). While motions to alter or amend judgment are not routinely granted, *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996), grant of a motion for reconsideration is appropriate where the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal citation omitted)); *see also Klayman v. Judicial Watch*, No. 06-670, 2007 LEXIS 24548, at *12-13 (D.D.C. Apr. 3, 2007) (granting motion because reconsideration was in interest of justice, even though counsel could have presented prevailing argument in initial round of briefing).

Because this Court issued its dismissal *sua sponte*, Petitioners did not have an opportunity to present, and this Court did not have an opportunity to consider, the arguments set forth in this motion regarding the propriety of staying Petitioners' habeas action pending the completion of DTA proceedings and the filing of a renewed petition for certiorari to review the Court of Appeals' jurisdictional ruling in *Boumediene I*. Thus,

this is not a case in which the losing party is using the motion for reconsideration as an instrumentality to re-argue theories or assert new arguments that could have been raised prior to final judgment, *Taylor v. Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003), but rather demonstrates the very circumstances in which reconsideration is most appropriate.

As is argued herein, there is ample basis for this Court to grant Petitioners' request to reinstate, and then stay, their habeas action. The dismissal of the habeas action is not only premature under the circumstances of this case and the unsettled nature of the jurisdictional questions at issue here, but also results in manifest injustice in that if the dismissal is left in place, Petitioners may be left unable to pursue habeas relief even if it is ultimately determined that this Court has jurisdiction to hear their claim.

**B.    Staying the Habeas Petition Pending Exhaustion of a Potential Remedy Holding the Case In Abeyance Is the Appropriate Course of Action In the Instant Case**.

"District courts . . . ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Staying this action to allow Petitioners to exhaust their DTA claims in the Court of Appeals and then seek review of that court's *Boumediene I* jurisdictional holding is consistent with Supreme Court directives concerning the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254. The Supreme Court has held that where a habeas Petitioner has failed to exhaust all available remedies in state court, a federal court retains

discretion to keep jurisdiction over the pending habeas petition, staying the action and allowing exhaustion of remedies in the state courts rather than dismissing the petition. *Rhines*, 544 U.S. at 277.

Indeed, the Supreme Court has indicated that it would be an abuse of discretion to dismiss a petition if the "Petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the Petitioner] engaged in intentionally dilatory litigation tactics." *Id.*; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *see also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (Stevens, J., joined by Souter, J., concurring in part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies"). The stay-and-abey procedure approved by the Supreme Court in *Rhines* is called for under the directly-analogous circumstances surrounding this case.

On February 20, 2007, a divided panel of the Court of Appeals ruled that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, had stripped the federal courts of jurisdiction over habeas actions, such as this, brought by foreign nationals held at Guantánamo. *Boumediene I*, 476 F.3d at 988. This Court anticipated the Court of Appeals' jurisdictional ruling in *Hamdan v. Rumsfeld*, Civil Action No. 04-1519 (JR) (D.D.C. Dec. 13, 2006).

On March 5, 2007, the *Boumediene* Petitioners filed a certiorari petition in the Supreme Court; on April 2, 2007, the Court denied the petition. Three Justices dissented

from the denial of the petition. *See Boumediene v. Bush*, 127 S. Ct. 1478 (2007) ("*Boumediene II*"), stating that the jurisdictional and constitutional questions raised by the Petitioners "deserve this Court's immediate attention." *Id.* at 1479 (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting). Two other Justices stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require the Petitioners to exhaust their DTA remedies. *Id.* at 1478 (statement of Stevens and Kennedy, JJ., respecting the denial of certiorari) (emphasis added).

Five Justices have thus at least made clear that, upon the Petitioners' exhaustion of their DTA remedies, the Supreme Court will give serious consideration to a renewed certiorari petition seeking review of the Court of Appeals' decision in *Boumediene I*. A majority of the Court, in other words, has left open the possibility that the Court of Appeals' holding in *Boumediene I* might be held erroneous and that it might therefore be appropriate to allow the habeas actions of the Petitioners and those similarly situated to proceed in the district courts at some later date.

Under these circumstances, it is premature for this Court to dismiss Petitioners' case for lack of jurisdiction. Rather, in accordance with *Rhines*, this Court should reinstate and then stay this action pending (1) timely filing by Petitioners of DTA petitions and (2) resolution of a timely, renewed petition for certiorari in the Supreme Court challenging the Court of Appeals' jurisdictional holding in *Boumediene I*, or in one

of the other two pending petitions before it, *Hamdan v. Rumsfeld*, No. 06-1169 and *In re Ali*, No. 06-1194, which bear directly on the Court of Appeals' jurisdictional holding.[1]

The requested relief will aid Petitioners in receiving a speedy review of the constitutional issues presented in their habeas petition after their DTA claims are exhausted. Petitioners' habeas petition has been pending for well over a year and has yet to progress substantially. Because there is a reasonable possibility that the Supreme Court will, in the not-distant future, find the jurisdictional holding in *Boumediene I* to be in error, dismissal of this case might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

This course of action will work no prejudice on Respondents. It will, however, save Petitioners the uncertainty accompanying attempts to "resurrect" a dismissed habeas claim following exhaustion of their DTA remedies. Petitioners are concerned, for example, that if the habeas petition is not reinstated, Respondents will argue in later court hearings that Petitioners may seek review only of the Court of Appeals' DTA

---

[1] *Hamdan* seeks review of this Court's ruling on the MCA jurisdictional issue. Hamdan filed his reply brief in support of certiorari on April 10, 2007. Under the Court's posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on April 27, 2007. *In re Ali* directly challenges the MCA jurisdictional holding of the Court of Appeals. The Supreme Court considered the *Ali* petition sufficiently serious that it directed the government to respond to the petition. The government's response is due on April 16, 2007. Under the Court's posted schedule, the *In re Ali* papers presumably will be distributed for consideration at the Court's Conference on May 17, 2007.

determination. The DTA, in turn, allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs").

Under these circumstances, the most economical and efficient way to proceed is for this Court to reinstate and then stay this action. This Court should do so as a necessary precaution to ensure that the habeas action remains a potential remedy available to Petitioners in the event that the jurisdictional questions are ultimately resolved in their favor. *See Boumediene II*, 127 S. Ct. at 1478 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of Petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted).

It is fundamental that the courts have jurisdiction to determine their own jurisdiction. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 2, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it."). The result of *Boumediene I* does not impede the ability of this Court to take the requested action here. The correctness of that jurisdictional holding is still in dispute and jurisdiction remains a live issue that will be resolved with finality only after Petitioners have exhausted their DTA remedies and the Supreme Court has disposed of any renewed certiorari petition

challenging the Court of Appeals' MCA jurisdictional holding, or resolution of the jurisdictional issue in *Hamdan* or *Ali*.[2]

### C. In the Alternative, the Court Should Stay Dismissal Of Petitioners' Habeas Petition For Sixty Days.

Petitioners request that should this Court decline to issue the requested stay and abey order, in the alternative, this Court should grant Petitioners' motion to alter or amend the judgment of dismissal, reinstate the habeas petition, and stay dismissal of the habeas petition for sixty days pending the filing of Petitioners' DTA actions and the Court of Appeals' determination as to what procedures should govern those cases. This sixty day stay would allow for maintenance of the Protective Order governing this habeas action until the Court of Appeals can establish new procedures for Petitioners' DTA cases. The alternative -- dismissal of the habeas action and the consequent termination of the Protective Order -- endangers Petitioners' ability to pursue a DTA action.[3]

---

[2] In addition, the Court of Appeals has not issued its mandate in *Boumediene I*. The *Boumediene* Petitioners have asked the Court of Appeals to stay the issuance of its mandate pending the completion of DTA proceedings and the filing of a renewed petition for certiorari to review the Court of Appeals' jurisdictional ruling in *Boumediene I*. The Court of Appeals has not yet acted on the motion. Thus, at this time, the *Boumediene I* decision is not yet final, and the Court of Appeals retains jurisdiction to modify or rescind its opinion. *See Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004) (internal citations omitted).

[3] Petitioners note that a stay for sixty day should be sufficient because a motion to establish a protective order in DTA actions is pending before the Court of Appeals in *Bismullah v. Gates,* No. 06-1197, and *Parhat v. Gates,* No. 06-1397. Briefing in those appeals is nearly complete, and argument is scheduled for May, 15, 2007. In addition, a motion to proceed with DTA review is also pending in the Court of Appeals in *Paracha v. Gates*, No. 06-1038. On April 11, 2007, the panel issued an order setting a briefing schedule, calendaring argument for September 27, 2007, and directing the parties in their

8

As this Court is aware, the Protective Order currently in place provides that sixty days after final resolution of this action, and the termination of any appeals therefrom, all protected documents or information and any copies thereof shall be promptly destroyed. Those documents are necessary for the prosecution of a DTA action.

The Protective Order also sets out a framework for attorney-client communications, the interruption of which would severely prejudice the DTA action, the habeas litigation, the ability of Petitioners' attorneys to function effectively, and the attorney-client relationship. The need for client consultation and the development of necessary facts is basic to the attorney-client relationship and is required by the ethical obligations to which Petitioners' counsel are subject. For these reasons, continuation of the Protective Order for a sixty day period pending the establishment of new procedures in Petitioners' DTA action is necessary under the circumstances to prevent substantial injustice.

## CONCLUSION

For the foregoing reasons, this Court should first reinstate the dismissed habeas petition and then stay the petition pending Petitioners' exhaustion of their DTA remedies in the Court of Appeals and resolution by the Supreme Court of the MCA jurisdictional issue in *Hamdan* or *Ali*, or resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene I*.

---

briefs "to take into account the court's disposition of [*Bismullah* and *Parhat*] in addressing issues related to discovery and this court's scope of review."

9

Respectfully submitted,

/s/ Elizabeth P. Gilson
Elizabeth P. Gilson
CT Bar No. 002480
383 Orange Street
New Haven, CT  06511
Tel:  (203) 777-4050
Fax:  (203) 787-3259

Shayana Kadidal (Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

Counsel for Petitioners

April 16, 2007