*Cleared with CSO for public filing*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| USAMA HASSAN ABU KABIR, *et al* )<br>  Petitioners )<br> )<br>v. )<br> )<br>GEORGE W. BUSH, *et al.*, )<br> )<br>  Respondents. ) | Civil Action No. 05-CV-1704 (JR) |

**PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY IN CONNECTION WITH THEIR MOTION TO ALTER OR AMEND THE *SUA SPONTE* DISMISSAL**
**and**
**EMERGENCY RENEWED MOTION TO REINSTATE THE PETITION FOR HABEAS CORPUS AND TO SCHEDULE AN <u>IMMEDIATE STATUS CONFERENCE</u>**

**I.   NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioners hereby respectfully notify this Court that on June 12, 2008, the United States Supreme Court handed down its opinion in *Boumediene v. Bush*, 06-1195 and *Al Odah, Next Friend of Al Odah, et al. v. United States, 06-119,* ruling that prisoners at Guantanamo have *habeas corpus* rights protected under the U.S. Constitution; that the review procedures of the Detainee Treatment Act are not an adequate substitute for *habeas corpus*; and that the Military Commissions Act, insofar as it purported to strip the courts of *habeas corpus* jurisdiction, was unconstitutional.  The Court stated that it was now up to the trial courts to resolve questions regarding "the legality of . . . detention" of Guantanamo detainees, Slip op. at 2, emphasizing,

"The detainees in these cases are entitled to a *prompt* habeas corpus hearing." Slip op. at 66 (emphasis added).

This decision further support Petitioners' request that this Court reconsider its April 5, 2007 *sua sponte* order dismissing the above-captioned Petition for Writ of Habeas Corpus for lack of jurisdiction, and instead enter an order reinstating the dismissed Petition in accordance with Petitioners' April 16, 2007 motion and the Court's direction in *Boumediene.*

## II. RENEWED MOTION TO RESINSTATE PETITIONERS' HABEAS PETITION AND TO SCHEDULE AN IMMEDIATE STATUS CONFERENCE

Pending before this Court is a motion by Petitioners seeking reconsideration of this Court's April 5, 2007 *sua sponte* dismissal of plaintiff's habeas action pursuant to Federal Rule of Civil Procedure 59(e). [Doc't 64.] *See* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").

"The district court has considerable discretion in ruling on a Rule 59(e) motion." *Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)). While motions to alter or amend judgment are not routinely granted, *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996), grant of a motion for reconsideration is appropriate where the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal citation omitted)).

The *Boumediene* decision definitively establishes that there has occurred an "intervening change of controlling law" and the Emergency Renewed Motion to Reinstate the Petition for *Habeas Corpus* should be granted.

Petitioners have been incarcerated at Guantanamo since May, 2002 – more than six years. They have been awaiting a hearing on theirs *habeas corpus* petition since it was filed in the summer of 2005, almost three years ago. Taking to heart Justice Kennedy's injunction that detainees in Petitioners' circumstances are entitled to a "prompt" hearing, there is thus every reason to hold a status conference and establish a schedule for resolution of this matter at the earliest possible time.

Pursuant to Local Rule 7(m), counsel attempted (by telephone and electronic mail) to obtain assent of the government to the relief sought herein. Counsel was unable to reach counsel for the government and thus assent has not been obtained.

## STATEMENT OF POINTS AND AUTHORITIES

### Procedural History

1.     Petitioners Bahtiyar Mahnut and Arkin Mahmud ("Petitioners") are prisoners at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). Petitioners have been imprisoned at Guantánamo since May, 2002. As detailed in previous filings before this Court, Petitioners are ethnic Uighurs ("WEE-ghurs") from the Xinjiang Uyghur Autonomous Region, a province of the People's Republic of China (also referred to as "East Turkistan"). Uighurs are a Turkic Muslim minority group that has been, and continues to be, brutally oppressed by the communist Chinese government. The Government has repeatedly and publicly acknowledged that the Uighurs imprisoned at Guantánamo have been eligible for release for at least four years. *See*, *e.g*., Interview with Colin Powell, Secretary of State, in Washington, D.C., at 5 (Aug. 12, 2004) ("[T]he Uighurs are a difficult problem and we are trying to resolve all issues with respect to all detainees at Guantánamo. The Uighurs are not going back to China, but finding places for

3

them is not a simple matter, but we are trying to find places for them. And we are trying to find places for them, and, of course, all candidate countries are being looked at."). Despite such acknowledgements, Petitioners remain imprisoned at Guantánamo. They have never had a hearing on their claim that they are entitled to release.

2. Petitioners have been unlawfully designated as enemy combatants. They do not fall within any lawful basis for military detention.

3. In the years since this Court's *sua sponte* dismissal entered, petitioners have suffered (and on information and belief all but one today continue to suffer) astonishingly harsh, and potentially deadly isolation at Guantanamo's notorious Camp 6.

4. In light of the alarming deterioration in their psychological well-being, and astonishing length of these imprisonments, Petitioners urgently request that the Court immediately reinstate the *habeas* petition and schedule a status conference to set in place expedited consideration of the merits of Petitioners' claims for release.

5. On August 25, 2005, Petitioners filed a Petition for Writ of Habeas Corpus in this Court. On April 5, 2007, this Court dismissed Petitioners' claims without prejudice citing lack of jurisdiction based on Court of Appeals' ruling in *Boumediene*, 476 F.3d at 984.

**ARGUMENT**

**I.  Petitioners are Entitled to a Prompt Hearing On The Merits of Their Claims**

6. Justice necessitates that Petitioners' claims be promptly addressed. The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243; ("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as

4

law and justice require.") (emphasis added). Courts, including the majority in *Boumediene*, see slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases. *See*, *e.g*., *Braden v. 30th Jud. Cir. Ct. of Ky*., 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

7. The need for a prompt hearing is never greater than where a petitioner has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr,* 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

8. Chief Justice Roberts' dissent in *Boumediene* argues that there will be confusion as the underlying rights to be vindicated on *habeas*. This point can be addressed at a status

conference, but it is quite incorrect. Petitioners assert that there is no lawful basis for their imprisonment. The government locates such a basis in the President's Article II powers and in the Congressional Authorization for the Use of Military Force, 115 Stat. 224 (Sept. 18, 2001). At an evidentiary hearing, each petitioner will show that on the evidence in the case, neither source of authority confers power on the President to detain him, and thus that he is entitled to release.

9.    Petitioners have been afforded no judicial review of the merits of their claims or the lawfulness of their detention.[1]

## II.    The Need for Relief is Urgent

10.    Petitioners are now in their seventh year of imprisonment.

11.    In late 2006, Petitioners were transferred to conditions of almost complete isolation in Camp 6. A January 20, 2007, declaration of counsel filed in the Court of Appeals demonstrates the harm that was being felt even then. *See* January 20, 2007 Declaration of Sabin Willett, No. 06-1397 (D.C. Cir. Jan. 20, 2007) (previously unclassified version of declaration) (attached as Exhibit 1 hereto). Since that time, counsel has observed increased and alarming despair in the Petitioners.

12.    Petitioners' cases were dismissed without prejudice pending resolution of the jurisdictional issues in *Boumediene*. With that case at last decided, the Court should promptly reinstate the *habeas* petition and allow Petitioners' *habeas corpus* claims to proceed on the merits.

---

[1]    Petitioners each filed original actions under the Detainee Treatment Act. *Boumediene* makes clear that DTA relief is separate and distinct statutory relief and does not preclude *habeas* relief. As such, any statements in Petitioners' Motion to Amend the Dismissal regarding exhaustion of DTA remedies are moot. At a status conference, counsel will address any issues arising out of parallel proceedings.

13. A grant of the relief requested by the instant Motion lies within the sound discretion of the Court, and is appropriate due to an "intervening change of controlling law. . . ." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998).

## CONCLUSION

**WHEREFORE**, Petitioners respectfully request that the Court reinstate the Petition for *habeas corpus* and promptly schedule a status conference to calendar the matter for expedited determination on the merits.

Respectfully submitted,

_____/s/_____
ELIZABETH P. GILSON
egilson@snet.net
CT Bar No. 002480
383 Orange Street
New Haven, CT  06511
Tel:  (203) 777-4050
Fax:  (203) 787-3259

J WELLS DIXON
WDixon@CCRJustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

Counsel for Petitioners

June 17, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| USAMA HASSAN ABU KABIR, as Next Friend of BAHTIYAR MAHNUT and ARKIN MAHMUD *et al*<br><br>    Petitioners<br><br>v.<br><br><br><br><br><br>GEORGE W. BUSH, *et al.,*<br><br>    Respondents. | Civil Action No. 05-CV-1704 (JR)<br>**[PROPOSED] ORDER GRANTING PETITIONERS' EMERGENCY MOTION TO REINSTATE PETITION FOR HABEAS CORPUS AND SET A SCHEDULING CONFERENCE** |

**[PROPOSED]
ORDER GRANTING PETITIONERS' EMERGENCY MOTION
TO REINSTATE PETITION FOR HABEAS CORPUS
AND TO SET A SCHEDULING CONFERENCE**

For the reasons set forth in Petitioners' Statement of Points and Authorities in Support of Petitioners' Emergency Motion to Reinstate Petition for *Habeas Corpus* and to Set a Scheduling Conference, the Court herby GRANTS Petitioners Motion.

The Court will conduct a status conference at _____ \_.m. on June \_\_, 2008.

_____s/_____
JAMES ROBERTSON
United States District Judge